**SEALED**

ORDERED UNSEALED on 5/26/2022    s/ J Mueller

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: '22 MJ1328 |
|---|---|
| Plaintiff, | COMPLAINT FOR VIOLATION OF: |
| v. | 18 U.S.C. § 922(g)(1) - Felon in Possession of Ammunition; |
| ALEJANDRO REYES, | 21 U.S.C. § 841(a)(1) – Possession of Methamphetamine with Intent to Distribute; |
| Defendant. | 18 U.S.C. § 924(c)(1)(A)(i) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime; |

The undersigned complainant being duly sworn states:

COUNT ONE

On or about March 27, 2022, within the Southern District of California, defendant Alejandro REYES, knowing his status as a convicted felon, that is, a person having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess ammunition that traveled in and affected interstate commerce, to wit: 17 rounds of Luger Ammunition, 9 millimeter centerfire ammunition; in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWO

On or about March 27, 2022, within the Southern District of California, defendant Alejandro REYES, did knowingly and intentionally possess, with intent to distribute, 50 grams and more, to wit: approximately 4,229.08 grams (9.32 pounds) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE

On or about March 27, 2022, within the Southern District of California, defendant Alejandro REYES, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, namely, Possession of Methamphetamine with Intent to Distribute, in violation of Title 21, United States Code, Section 841(a)(1), the crime charged in Count Two of this complaint, did knowingly possess a firearm, that is, an unserialized silver and black SCCY CPY-2, 9-millimeter semi-automatic handgun, loaded with nine rounds of Luger 9-millimeter ammunition; in violation of Title 18, United States Code, Section 924(c)(1).

The complainant states that this complaint is based on the attached Probable Cause Statement incorporated herein by reference.

_____*Jaime Felix*_____
JAIME FELIX
ATF Special Agent

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 on this 14th day of April, 2022.

_____*Daniel E. Butcher*_____
HON. DANIEL E. BUTCHER
UNITED STATES MAGISTRATE JUDGE

# PROBABLE CAUSE STATEMENT

During my duties, I have learned the following information from having read the reports prepared by other law enforcement officers. The following does not contain all of the information known to me or other federal agents and state and local officers regarding this investigation, but does contain those facts believed to be necessary to establish the requisite probable cause.

On or about March 27, 2022, San Diego Sheriff's Department (SDSD) Deputies were on patrol in the area of West Mission Road and North Pacific Street, in the City of San Marcos, California, within the Southern District of California. SDSD Deputies observed a red 2008 Toyota Camry, bearing California license plate 8ZMT318, in violation of California Vehicle Code section 26708—Window Tinting and California Vehicle Code section 5201(c)(1)—Display of Plates.

SDSD Deputies conducted a traffic enforcement stop on the vehicle near the Capalina Road and Rancho Santa Fe Road intersection, within the Southern District of California. The Deputies made contact with the driver, Alejandro REYES, and two other passengers. A records check conducted by the SDSD Deputy revealed REYES had multiple charges for gun violations. Throughout the contact with REYES, REYES appeared nervous and avoided eye contact with the SDSD Deputy. When questioned about there being any weapons or drugs inside the vehicle, REYES hesitated to answer the question. Based on training and experience in dealing with subjects with prior firearm charges or convictions, the SDSD Deputy removed all occupants from the vehicle and had them sit on the curb line.

Shortly after removing all occupants from the vehicle, SDSD Deputies received notification that REYES was on active parole. During a parole search of REYES' vehicle, SDSD Deputies located the following inside of the center console compartment: a small black bag containing three "baggies" with a crystalline substance, which presumptively tested positive for methamphetamine, with an approximate net weight of 233.31 grams; seven small "baggies" containing (362) blue M-30 pills, which tested presumptively positive for acetaminophen; a small digital scale; and, two cell phones, which REYES stated

3

belonged to him. The Deputies later also found the following in a small cylindrical container inside the center console: a small round black capsule containing a white powdery substance, which presumptively tested positive for fentanyl, with a gross weight of 27.91 grams; 9 blue M-30 pills, which presumptively tested positive for acetaminophen; 30 unknown supplement pills that tested inconclusively; and a small baggie containing approximately 5.54 grams of marijuana.

REYES was subsequently arrested and searched prior to being placed in the backseat of a SDSD patrol vehicle. SDSD Deputies located two bundles of US currency in each of REYES' front pockets. The US currency located on REYES' person totaled $3,320.

SDSD Deputies continued to search the vehicle and located eight rounds of Luger 9-millimeter located inside of the driver door compartment. The Deputies also found, on the floorboard behind the driver seat, a black grocery bag, a tan reusable grocery bag, and a camouflage lunch bag, which contained the following: several small "baggies" with a crystalline substance, which presumptively tested positive for methamphetamine, with an approximate gross weight of 3,995.77 grams; and a bag containing approximately 1,033 teal colored M-30 pills, which tested presumptively positive for acetaminophen.

The SDSD Deputies also found a loaded un-serialized silver and black SCCY CPY-2, 9-millimeter semi-automatic handgun, which was located in a storage compartment along the center console near the driver's seat. The firearm was loaded with one round of Luger Ammunition in the chamber, along with eight rounds of Luger Ammunition in a seated magazine. The Deputies further found two cell phones in the vehicle's trunk.

REYES was arrested for narcotics and firearm possession. Post-arrest, REYES waived his *Miranda* rights and agreed to make a statement. In sum, REYES explained that he was interested in purchasing the firearm from a friend and asked to borrow the firearm.

//
//
//
//

Preliminary records check on REYES revealed the following relevant criminal history, though subsequent database queries may produce additional history:

| CONVICTION DATE | COURT OF CONVICTION | CHARGE | TERM OF IMPRISONMENT |
|---|---|---|---|
| 07/2019 | CASC – Vista | PC 245(A)(2) – Assault with Firearm on Person (two counts)<br><br>HS 11370.1(a) – Poss. of Controlled Substance while Armed | 48 months prison |

The ammunition was seized and inspected. Preliminary checks revealed that the ammunition was not manufactured in California. Therefore, the ammunition traveled in and/or affected interstate commerce to arrive in the state of California. Further, based on my training and experience, drug traffickers often carry firearms in furtherance of their drug trafficking crime in order to protect their illicit controlled substances from theft, among other purposes.

### REQUEST FOR SEALING

It is further respectfully requested that this Court issue an Order sealing, until further order of this Court, all papers submitted in support of this complaint, including the probable cause statement and arrest warrant. REYES is in state custody, but is likely unaware of this Complaint and Probable Cause Statement. Sealing is necessary because premature disclosure of the contents of this probable cause statement and related documents may cause REYES to flee (should he bond out of state custody), may cause destruction of evidence, or otherwise have a negative impact on this investigation.